IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO SOTO, | § | |
| Movant, | § | |
| | § | |
| v. | § | No. 3:19-cv-2253-G (BT) |
| | § | No. 3:06-cr-249-G (BT) (03) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Gerardo Soto filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the motion should be TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

Soto pled guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and carrying a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to 236 months in prison. Soto did not file an appeal, but he did file a § 2255 motion to vacate, set-aside, or correct his sentence. *Soto v. United States*, No. 3:10-cv-966-G (N.D. Tex.). The district court dismissed the § 2255 motion as barred by the statute of limitations, and the Fifth Circuit dismissed Soto's motion for a certificate of appealability. *Soto v. United States*, No. 11-10554 (5th Cir. Dec. 6, 2011).

1

Soto later filed a second § 2255 motion, *Soto v. United States*, No. 3:16-cv-2807-G (N.D. Tex.), which the district court transferred to the Fifth Circuit as successive. The Fifth Circuit dismissed Soto's motion for a certificate of appealability. *Soto v. United States*, No. 16-11569 (5th Cir. Dec. 21, 2016).

On September 16, 2019, Soto filed this—his third—§ 2255 motion, and on October 25, 2019, he filed an amended motion. By these pleadings, he argues: (1) his sentence was unlawful under the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague); (2) his plea agreement did not inform him of the immigration consequences of his plea; and (3) his right to a speedy trial was violated.

II

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before the movant files his motion in district court. 28 U.S.C. §§ 2241 and 2255. Because Soto has failed to show that he has obtained permission from the Fifth Circuit to file this successive motion, the motion should be TRANSFERRED to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.

The Court should TRANSFER Soto's successive § 2255 motion to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed November 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).